**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| **v.** | : | **UNDER SEAL** |
| | : | |
| **KENNETH CABELL,** | : | **VIOLATIONS: 21 U.S.C. § 846** |
| | : | **(Conspiracy to Distribute and Possess** |
| **Defendant.** | : | **With Intent to Distribute Heroin)** |
| | : | |
| | : | **FORFEITURE: 21 U.S.C. § 853(a), (p)** |

## I N F O R M A T I O N

The United States Attorney charges that:

## COUNT ONE

Between in or about May 2012 and July 2013, within the District of Columbia, the State of Maryland, and elsewhere, **KENNETH CABELL**, did knowingly and willfully combine, conspire, confederate and agree together with JERMAINE WASHINGTON, also known as "Face," and other persons, both known and unknown to the United States, to unlawfully, knowingly, and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

(**Conspiracy to Distribute and Possess with Intent to Distribute Heroin,** in violation of Title 21, United States Code, Section 846)

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this

offense. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Section 853(a) and (p))

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney
D.C. Bar No. 447889

By: ______________________________
DAVID B. KENT
Assistant United States Attorney
D.C. Bar No. 482850
555 4th Street, NW, Suite 4122
Washington, D.C. 20530
(202) 252-7763